WILLIAM DUFFUS, Respondent, *v.* ELI T. BANGS et al., Appellants.

Where land was leased for nursery purposes, and the owner of the nursery stock, relying upon a promise of the lessors that he might enter upon the premises and remove it in the spring, after the termination of the lease, allowed it to remain after surrender of the premises, *held*, that said lessors were estopped from claiming ownership of the stock by reason of the termination of the lease; that the owner was entitled to a reasonable and proper opportunity to remove it during the spring, and that upon a refusal of the lessors to permit him so to do, an action was maintainable againt the lessors for a conversion.

The lease was terminated by summary proceedings to recover possession because of non-payment of rent. The lease contained a clause giving the lessors a lien as security for rent upon the growing crops, fruits, etc., raised on the premises; it was recorded in the office of the county clerk, but was not filed as a chattel mortgage. Plaintiff claimed

as purchaser of the nursery stock from the lessee. *Held,* that, conceding said clause included the nursery stock, up to the time the lease was terminated said stock was personal property, and so, not within the provision of the Recording Act; that as the lease was not filed as a chattel mortgage, said clause did not affect the rights of the parties unless it appeared that plaintiff had actual notice thereof; and that, as the testimony as to actual notice was conflicting, plaintiff denying the same, the refusal of the trial court to submit the question to the jury was error.·

Reported below, 43 Hun, 52.

(Argued October 7, 1890 ; decided December 2, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 11, 1887, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Circuit, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. K. Fuller* for appellants. The lease given by defendants was a five-year lease, duly executed in writing, and recorded in the proper county. This record became, by statute, constructive notice to all subsequent purchasers. (4 R. S. [8th ed.] 2475, §§ 33, 37, 38 ; *Acer* v. *Westcott*, 1 Lans. 193 ; 46 N. Y. 384, 392 ; *Briggs* v. *Davies*, 20 id. 15 ; *Briggs* v. *Palmer*, 20 Barb. 392.) The plaintiff's offer to pay the rent was too late. The plaintiff's demand was equally useless. (*Brooks* v. *Galster*, 51 Barb. 196 ; *Landon* v. *Bd. Suprs.*, 24 Hun, 75 ; *Knox* v. *McDonald*, 25 id. 268·; *Laughran* v. *Ross*, 45 N. Y. 792 ; Code Civ. Pro. § 2253 ; *Samson* v. *Rose*, 65 N. Y. 411.)

*Walter S. MacGregor* for respondent. The trial court erred in holding that the nursery stock in question was fixtures and· became part of the real estate, and went to the landlord. (*Hamilton* v. *Austin*, 36 Hun, 138–142 ; *King* v. *Wilcomb*, 7 Barb. 263–267 ; *Green* v. *Armstrong*, 1 Den. 550 ; *Smith* v.

*Jenks,* Id. 580; 1 N. Y. 90; *Fortman* v. *Goepper,* 14 Ohio, 567; Herman on Chat. Mort. §§ 7, 10; *Sisson* v. *Hibbard,* 10 Hun, 420–422; 75 N. Y. 542; *Binkley* v. *Forkner,* 19 N. E. Rep. 753.) The trial court erred in holding that the landlord was rightfully in possession of the nursery stock as his property. (*King* v. *Wilcomb,* 7 Barb. 263; *Ford* v. *Cobb,* 20 N. Y. 344; *Bank of Lansingburgh* v. *Crary,* 1 Barb. 548; *Wintermate* v. *Light,* 46 id. 278–289; 1 Hillard on Real Prop. 23, 34; Tyler on Fixtures, 327; Taylor on Landl. & Ten. §§ 398, 408, 410, 414.) The trial court erred in holding that the lease was terminated before March fourteenth. (*Powers* v. *Carpenter,* 15 Wkly. Dig. 155; *Newell* v. *Wigham,* 102 N. Y. 28.) The trial court erred in refusing to let the case go to the jury on the question of the right of plaintiff to enter and remove the property on April twenty-fourth. (*Moore* v. *Wood,* 12 Abb. Pr. 393.) The trial court erred in refusing to let the case go to the jury on the question of the defendants being barred and estopped by his promise made to plaintiff March 14, 1879, that plaintiff might go on in the spring, when the ground was suitable, and remove the property. (*Torry* v. *Burnet,* 38 N. J. L. 457, 461; *Delzell* v. *Odell,* 3 Hill, 215; *Young* v. *Bushnell,* 1 Bosw. 1; *Plumb* v. *C. C. M. Ins. Co.,* 18 N. Y. 392; *Miller* v. *P. Ins. Co.,* 107 id. 292, 301.) The trial court erred in refusing to let the case go to the jury on the question of plaintiff's right to enter and remove the property after the voluntary surrender by the tenants, on which defendants rely. (*London Loan Co.* v. *Drake,* L. R. [6 C. B. Div.] 796–809; *Saint* v. *Pilley,* L. R. [10 Exch. Div.] 137; *Ombony* v. *Jones,* 19 N. Y. 234; *Allen* v. *Brown,* 60 Barb. 39; *Torry* v. *Burnet,* 38 N. J. L. 457; McAdam on Landl. & Ten. 475; Ewell on Fixtures, 145; Coke's Littleton, 338.) The defendants cannot claim this property under the chattel mortgage clause in their lease. (*Betsinger* v. *Schuyler,* 46 Hun, 349.) The trial court erred in allowing in evidence, under plaintiff's exceptions, the judgment-roll in the summary proceedings with copies only of the affidavits used, without proof of loss of the originals, and

without proof of judgment and of the original warrant (*Campbell* v. *Mallory*, 22 How. Pr. 183; *Coffin* v. *Tracey*, 3 Caine, 129; *Deuel* v. *Rust*, 24 Barb. 438; *Hill* v. *Stocking*, 6 Hill, 314.)

HAIGHT, J. This action was brought to recover the value of a quantity of nursery stock which it is alleged was converted by the defendants.

It appears that the defendants had leased to Will & Co. a farm for the period of five years, on which Will & Co. had planted a nursery for commercial purposes. That thereafter, and on the 26th day of November, 1878, Will & Co. executed and delivered to the plaintiff a chattel mortgage upon such nursery stock, which mortgage was subsequently foreclosed and the stock bid in by the plaintiff. It further appears that Will & Co. neglected to pay the rent as it became due, and that thereupon proceedings were instituted by the defendants to recover the possession of the leasehold premises, and that such proceedings resulted in an order to dispossess Will & Co., bearing date the 5th day of March, 1879.

It is contended on the part of the plaintiff that whilst the warrant to dispossess was issued on the fifth day of March, it was not served, and possession by the tenant was not surrendered thereunder at that time; that an arrangement was made by which the tenants should remain in possession, and that they did so remain in possession until after the fourteenth day of March thereafter. That on that date, and whilst Will & Co. were in possession, the plaintiff had a talk with the defendant Eli T. Bangs in reference to the nursery stock and his interest therein, and that Bangs told him that he could come in the spring when the ground was not too wet, and that he would let him take the stock up. That subsequently, and on the 23d of April, 1879, he did go to the farm to remove the stock, and was then refused permission so to do.

The trial court, however, held that the issuing of the warrant to dispossess relieved the parties of the relationship of landlord and tenant, and that there was nothing in the case

showing that the subsequent possession of Will & Co. was, by arrangement or by the consent of the lessors who had, by operation of the law, been restored to their former rights. In this conclusion it appears to us that the trial court was at fault, and that there were questions of fact which should have been submitted to the jury.

William F. Will, in his deposition read on behalf of the plaintiff, speaking in reference to the proceedings to dispossess, said that the suit against Will & Co. was decided about the 5th of March, 1879, and that afterwards he got an extension for a few days by paying five dollars, meaning, as we understand, that he got an extension of the lease. The plaintiff testified that he saw Mr. Bangs, the defendant, on the 14th of March, 1879, upon the farm in question whilst Will & Co. were in possession, and had a conversation with him, in which the defendant told him that if he would come in the spring when the ground was not too wet he would let him take the stock up. We do not understand that all of this testimony was controverted, but even if it was it would still raise a question for the jury to dispose of.

The nursery stock was planted by the tenant upon the leasehold premises for commercial purposes. It was their intention, when the stock had grown to a sufficient size, to take it up and sell it. This they had the right to do at any time during the life-time of the lease. Their rights had, by operation of the law, passed to the plaintiff who had become the owner of the stock at the time of the demand and refusal of possession.

If, therefore, the defendants did, during the existence of the lease, or any extension thereof, tell the plaintiff that he could enter the premises and remove the stock in the spring after the lease had terminated, and the plaintiff, relying upon such promise, had allowed the stock to remain, the defendants would thereafter be estopped from claiming the ownership of the stock by reason of the termination of the lease, and they should have afforded a reasonable and proper opportunity to remove the stock during that spring.

No claim is made but that the twenty-third of April was such reasonable and proper time.

Again, it does not appear to us that the fact that the lease contained a clause giving the defendants a lien upon the growing crops, fruits and grain to be raised upon the premises as security for the rent that should become due, changes the situation of the parties. The lease was not filed in the office of the town clerk as a chattel mortgage. It is true it was recorded in the office of the county clerk, and that as to subsequent purchasers and encumbrancers of the real estate such record was a constructive notice. But the plaintiff claims only the nursery stock, and no interest in the real estate. Such stock, as we have seen, was planted by the tenants with the intention to remove the same and sell it during the life-time of the lease. They had, in effect, sold the stock to the plaintiff, and he had the right to remove the same. It was, therefore, up to the time that the lease was finally terminated, personal property, and not within the provisions of the Recording Act.

It is claimed, however, that the plaintiff had actual notice of this clause in the lease. This, however, he denies, so that the question of actual notice would have been for the jury instead of the court.

These views render it unnecessary to consider the relation of the parties after the lease had been terminated and possession of the premises regained by the defendants, or whether the clause in the lease in reference to growing crops, fruit and grain includes "nursery stock."

The order of the General Term should be affirmed, with costs, and judgment absolute ordered for the plaintiff upon the stipulation.

All concur except Follett, Ch. J., and Vann, J., not sitting.

Order affirmed and judgment absolute for plaintiff on stipulation.