WALTER T. REED, executor of the estate of George P. Canning, deceased,

*v.*

CHARLES TILTON et ux.

[Submitted January 15th, 1919. Determined January 16th, 1919.]

1. A creditor has the right to secure preference from an insolvent debtor, provided it be done with the single honest purpose to collect or procure security for the payment of the debt.

2. This right obtains in the wife of the debtor to the same extent as in any other creditor, but when a preference to a wife is attacked, she must show the correctness of her claim with reasonable certainty.

3. She must establish not only that she had a separate estate, but also the sums advanced to or paid out for her husband from her separate estate.

4. In a suit questioning such a preference, the burden was not on her to negative the claim that the principal of her separate estate which had been used by her husband, was a gift by her, since the presumption in such circumstances is against a gift.

5. In a suit to set aside a conveyance of realty made by a judgment debtor to his wife to pay what was due her, relief will be denied where there is no evidence of gift by her, and it appears that the principal of her separate estate was appropriated by her husband in an aggregate amount in excess of the value of the property conveyed and that he has repaid nothing.

On final hearing on bill of judgment creditor of husband to set aside a conveyance to the wife.

· *Mr. Henry W. Lewis (Mr. William M. Clevenger)*, for the complainant.

*Messrs. Durand, Ivins & Carton (Mr. Frank Durand)*, for the defendants.

LEAMING, V. C.

Complainant, as a judgment creditor of defendant Charles Tilton, seeks to set aside a deed of conveyance of real estate made by the judgment debtor to his wife. The conveyance was made to the wife, through an intermediary, after the debt was contracted. Each of the conveyances recites one dollar as its consideration. The judgment debtor has no other property of substantial value.

It is the right of a creditor to seek and procure preferment from an insolvent debtor, providing it be done with the single and honest purpose to collect or procure security for the payment of the debt. *Atlantic Refining Co.* v. *Stokes, 77 N. J. Eq. 119; affirmed, 78 N. J. Eq. 301.* This right obtains in the wife of a debtor to the same extent as in any other creditor; but a preference to a wife of the debtor necessarily excites suspicion, and when attacked it is incumbent on the wife to show the correctness of her claim with reasonable certainty. She must establish as a fact not only that she had a separate estate, but also the

·sums advanced to or paid out for her husband from her separate estate. *Cramer* v. *Cale, 72 N. J. Eq. 210; Horton* v. *Bamford, 79 N. J. Eq. 356.* Should these facts be established the further burden is not cast upon the wife to negative the claim that the principal of her separate estate which has been used by her husband was a gift by her to him, since the presumption in such circumstances is against a gift. In the absence of evidence of gift, such advancements will be presumed to have been as loans. *Adoue* v. *Spencer, 62 N. J. Eq. 782.*

In the present case the evidence adequately establishes the fact that the wife of the judgment debtor enjoyed a separate estate, and that from time to time over a long period of years the principal of the wife's separate estate has been appropriated by her husband, the judgment debtor, in an aggregate amount in excess of the value of the property here in question. A considerable degree of uncertainty exists touching the dates and amounts of some of the advances the husband is claimed to have received from his wife's separate estate; but it is reasonably clear that he has received more than the value of the property here in question and has repaid nothing excepting by that conveyance. He has at all times been the dominant character and has appropriated his wife's funds whenever they were needed and available, and has at no time considered her rights sufficiently to give her evidences of his appropriations. While both defendants testify that the several amounts used by him were as loans from her to him with express promises of repayment, I incline to the view that his attitude has been more nearly that of appropriation, and her's that of mere submission; but no direct evidence of gifts exists and the circumstances do not imply gifts. He appropriated her property to his own use and should have returned it long before he did. In such circumstances the language used in *Adoue* v. *Spencer, supra,* is apposite: "If it is clear that a husband has taken the principal of his wife's separate estate, with or without her consent, but without an express gift of clearly implied intent to give, equity should hold it not a gift, but to be treated in the same manner as the money or property of any other person, taken by the husband under like circumstances, would be treated."

The testimony of defendants is to the effect that the conveyance here in question was made to pay the wife what was due to her as far as the property would go to pay her. No specific amount appears to have been agreed upon as a credit. The value of the property being plainly less than the amount due no relief can be afforded complainant herein.

I will advise a decree dismissing the bill.