MICHAEL G. ALENICK, complainant,

*v.*

CLARA SORENSON and SOREN SORENSON, defendants.

[Decided March 17th, 1924.]

Where a man deposited money produced by sale of his wife's real estate in his own bank account, and afterwards, on her protest, paid her in cash about the same amount of money as was produced by the sale of the real estate, such money could not be taken by the creditors of the husband on judgments obtained after the money was repaid to the wife, as at most it could only be considered as a preference of a creditor.

On bill, &c.

*Mr. Milton M. Unger,* for the complainant.

*Mr. James P. Mylod,* for the defendants.

CHURCH, V. C.

This is a bill filed by the trustee in bankruptcy of one Soren Sorenson to have it decreed that the defendant Clara Sorenson, his wife, holds certain lands situated in Caldwell, New Jersey, in trust for Soren Sorenson, and through him for the trustee in bankruptcy. The facts are that Sorenson purchased a lot in Montclair in March, 1912, upon which he erected a house with his own funds. The title to the lot was taken in the name of his wife. The property was exchanged for another, which property was lost under foreclosure proceedings. In January, 1921, another property was purchased in Montclair, the title to which was taken in his wife's name. This property continued in the name of his wife until May, 1923, when it was sold, and the proceeds, which amounted to $2,391.65, were deposited in the name of the husband in the Essex National Bank of Montclair.

From this account the husband drew out moneys to pay creditors of his business until a balance of only $6.32 remained. On September 21st, 1923, the property in question was acquired, the title being taken in the name of the wife. On June 23d, 1923, two judgments against Sorenson were recovered as a result of an automobile accident.

The allegation of the complainant is that this property was actually paid for with money belonging to Soren Sorenson, and that title was taken in his wife name to defraud the creditors' who has secured the judgments above mentioned. Her story is that when the second piece of property in Montclair, known as the Willow street property, was sold, the check for the net proceeds of the sale was made out to the order of Clara Sorenson, amounting to $2,391. It was delivered to her and she endorsed it and deposited the check in her husband's bank account, she having no account of her own; that when she found he was paying this out in his own business she protested, as did their daughter, and demanded that he repay her this amount. On July 11th, 1923, the husband paid the wife $500 which he had received from the proceeds of his business, and on June 20th he paid her the further sum of $1,200, and, subsequently, $350.

These payments, with the possible exception of the $350, were all paid the wife before June 26th, when the judgments were recovered.

The question then arises as to whether this property was actually paid for with money belonging to the husband or with money belonging to the wife. In June, 1921, when Sorenson bought the Willow street house, there was no question as to his solvency, and the title was taken in his wife's name, and even though he did pay for it from his own funds, it seems to me, that that made it hers absolutely. When it was sold and the proceeds amounting to $2,391 were deposited in the name of the husband, the question arises as a matter of fact whether this was a gift from the wife to the husband or whether her story is true, that it was deposited in her husband's account merely for the sake of convenience. I believe that this latter situation is true, and it is confirmed in my opinion by the fact that in June, 1923, before the judgments were recovered against him, he turned over to his wife practically the same amount of money which she claimed as hers. Moreover, the cases, as I understand them, hold that a person in failing circumstances may prefer a creditor unless the creditor unites with the one making the conveyance to defraud. *Reed* v. *Tilton, 90 N. J. Eq. 42, 43.*

I was impressed by the straightforward stories told by the husband, the wife and the daughter on the witness-stand. The wife for over fourteen years has been a working woman, and has also conducted, with the assistance of her daughter, a boarding-house, and receives some revenue from that, so there is nothing improbable in her story that this money actually represented her earnings. Her husband seems to have acquiesced in this theory, and voluntarily returned the money to her before the judgments against him were obtained. I do not think he made these payments in order to defraud his creditors, and it should be borne in mind that before the cases were tried it was impossible to know whether or not there would be any creditors.

I shall therefore advise a decree dismissing the bill.