This is an application to set aside a deed which, it is alleged, was given in fraud of creditors. *Page 217 
On April 21st, 1921, complainants started a suit in the Essex county circuit court, and on February 10th, 1922, obtained a judgment in tort against Andrew, Louis and Frances Virgil for about $4,000.
Frances Virgil, on the 6th day of May, 1921, conveyed to Mamie Virgil a one-half undivided interest in a certain tract of land formerly owned by Mamie and Frances as tenants in common. The defendants assert that the deed is bona fide, that it is supported by a valuable consideration, and that it is in pursuance of a trust agreement entered into four years before complainants' rights arose, and that though the conveyance was made after suit was instituted, but before judgment, defendants had a right to make the conveyance, as they were preferring a prior creditor without fraud.
The crux of the case is the alleged agreement between Mamie and Frances. The situation of the title is as follows: On the 5th day of May, 1915, Mamie and Frances Virgil purchased in fee-simple from Oscar H. Condit, executor, two parcels of land adjoining each other. On August 25th, 1917, Mamie and Frances Virgil joined in a deed of conveyance to one Margaret G. Farrel, who, in turn, by a deed of even date, conveyed the two tracts to Mamie and Frances as tenants in common. It is alleged that Frances, before the conveyance of the estate in common, was indebted to Mamie in the sum of $2,500, constituting her share of the purchase price which had been paid by Mamie, and, accordingly, Frances agreed to pay Mamie that sum of money three years from the date of the agreement, and upon default to reconvey her one-half interest to Mamie, and until such payment to hold this one-half undivided interest in trust for Mamie. She was not able to raise the $2,500, and on May 6th, 1921, conveyed her one-half undivided interest to Mamie.
The complainants attack this evidence because, they allege, that there was fraud in this transaction. It it asserted, interalia, that the agreement before mentioned was not in existence at the time it is alleged to have been signed, but was made after the institution of the suit in chancery. This is a matter of fact, and I cannot agree with the contention. *Page 218 
The agreement is drawn in a crude and ignorant manner, but I have no reason to assume, and cannot assume, in the face of the testimony that was produced before me, that it was not executed according to the date of the instrument. Neither do I think that the statement that the deed of May 6th, 1921, is for a nominal consideration is of importance. It is a warranty deed with the usual covenants and consideration is presumed.
Therefore, having come to the conclusion that, as a matter of fact, the agreement was valid when executed according to its contents for the consideration therein given, the remaining question is, Was the deed of May 6th executed in fraud of creditors? The suit was started in the Essex county circuit court on the 21st of April, 1921. The deed was on May 6th, 1921, and the judgment recovered was on February 10th, 1922. Therefore, when the suit was started, there were no creditors in existence, because the outcome of the suit was uncertain, and, under the cases, in the absence of fraud, a person, even if he be assumed to be in failing circumstances, may prefer a creditor unless the creditor unites with the one making the conveyance to defraud.Reed v. Tilton, 90 N.J. Eq. 42; Alenick v. Sorenson, 95 N.J. Eq. 518.
I, therefore, shall advise a decree denying the prayer of the complainants for a rescission of the deed.