GEORGE W. BIGLER, PLAINTIFF-APPELLANT, v. MARY S. SIMON, DEFENDANT-RESPONDENT.

Submitted October 14, 1932—Decided February 25, 1933.

"ELDREDGE, C. C. J.   The plaintiff in the above entitled suit seeks to recover by writ of replevin the following articles:

"Potted bulbs which were, on or about January 31st, 1931, in eight beds just outside the greenhouses at Calvary Greenhouses on Marlton Pike, Delaware township, Camden county, New Jersey, said bulbs being tulips, hyacinths and daffodils; part or all of said potted bulbs are now in the greenhouses;

"Eight beds of tulip bulbs planted in beds for cut flowers in front of premises;

"Fourteen thousand bulbs of tulips and daffodils and two rows of miscellaneous flowers planted in front field;

"Two hundred potted rose bushes set in rows;   east of greenhouses;

"Two thousand five hundred peony plants back of greenhouses, in rear field;

"Six thousand pansy plants outside greenhouses;

"One pile potting soil;

"One compost pile;

"One load of manure.

"A motion is now made to quash the writ on the ground that the articles mentioned are the property of the defendant in this suit and passed to her by reason of the foreclosure of a mortgage which she had upon the premises on which the articles mentioned are to be found or to which they are attached.   The facts stated briefly are as follows: The defendant had a mortgage upon the premises in question, which mortgage was dated May 4th, 1926, and was duly recorded. The mortgage was foreclosed by the defendant, and at the sale by the sheriff the property covered was purchased by her.   The mortgagors remained in possession of the property until sale by the sheriff, when possession was demanded by the defendant in this suit and shortly obtained.   The plaintiff in the present suit is the son of the mortgagors and now alleges that the articles above enumerated were his

property, and hence he brings replevin to obtain possession of them.

"There is nothing in the record to show that the property claimed or any portion of it was the property of the plaintiff at the time the mortgage was given or that it was in existence at that time, nor was any claim made during the foreclosure proceedings that the son of the mortgagors, the plaintiff herein, was the owner of the business or the articles in question.

"Under the above state of facts, the court is clearly of the opinion that the writ must be quashed. Vice-Chancellor Leaming, in the case of Haddonfield Safe Deposit and Trust Company, complainant, *v.* Clarence U. Liggett, defendant, quotes with approval *Jones Mort.,* § 434, as follows:

" 'Trees and shrubs planted in a nursery garden, for temporary purpose of cultivation and growth until they are fit for market, and then to be taken up and sold, pass by a mortgage of the land, so that neither the mortgagor nor his assignee or creditors can remove them as personal property.'

"While the above statement would seem to apply to plants growing at the time a mortgage is given, there is ample authority that the same ruling applies where the plants or crops are planted after the mortgage is placed. In the case of *Howell* v. *Schenck,* 24 *N. J. L.* 89, the court said that 'a person entering by title paramount is entitled to the emblements, and this doctrine applies to a case like the present, there being no allegation that the mortgagee or the purchaser in any way recognized the lease or assented to the sowing of the grain.' Whatever may have been the status of the plaintiff in this case respecting his occupancy of the land, the defendant without question entered by a title paramount to his, and the doctrine of Howell *v.* Schenck above quoted would apply. Supporting this view may be mentioned also *Ahern* v. *Littl,* 90 *N. J. Eq.* 72; 105 *Atl. Rep.* 597, which holds that emblements are covered by a mortgage until severance.

"The contention of counsel for the plaintiff that title to the property in question was passed upon in a claim of property in the Court of Common Pleas of Camden county cannot avail. In the first place, if the articles in question be real estate, their title cannot be determined in such a suit; and in the second place, if they were included in the verdict of the jury it would be under the general statement in such a verdict 'all goods and chattels.' This, of course, immediately raises the question whether they were goods and chattels. Under the above quoted authorities, they are not—at least, they are not before a severance.

"Counsel for the plaintiff cites the case of *Bloom* v. *Welsh,* 27 *N. J. L.* 177, in support of his contention. This case, however, furnishes its own answer to the plaintiff's claim. There was involved in this case the right of a judgment creditor. At page 182 the court said: 'But the title of the mortgagee is quite distinct in character from that of the judgment creditor. He has a legal estate in the mortgaged premises; he may recover in ejectment; the crops as well as the land are security for the mortgage debt. Neither the mortgagor nor his lessee is entitled to emblements as against the mortgagee.'

"An order quashing the writ will be made in accordance with the views herein expressed."

Before Justices BODINE and DONGES.

For the appellant, *Albert S. Woodruff.*

For the respondent, *Elmer G. Van Name.*

PER CURIAM.

The judgment appealed from will be affirmed, for the reasons stated in the opinion filed by Judge Eldredge.

The record before us does not contain a stipulation of the facts. Inasmuch as the facts as stated in the opinion are not controverted in the briefs, we assume they are as stated in the opinion.