STATE BOARD OF TAX APPEALS.

BOBBINK & ATKINS, PETITIONER, v. CITY OF CLIFTON, RESPONDENT.

Decided April 13, 1942.

For the petitioner, *Corbin & Harty* (by *Ralph A. Corbin* and *William A. Sumner*).

For the respondent, *John J. Dluhy.*

QUINN, President. The caption represents thirteen appeals from judgments of affirmance by the Passaic County Board of Taxation of assessments made by the respondent taxing district, for personal property of petitioner, for the year 1940. The common question presented for determination is as to whether growing nursery stock, constituting the stock in trade of the petitioner, commercial nurserymen, was properly assessable for taxation as personal property. Petitioner contends that its stock was part of the realty in which it was growing, and that the real estate assessment, not here in issue, must be deemed inclusive thereof. It further argues that the personalty assessments herein in question, concededly based almost exclusively upon such stock, must be reduced or canceled to the extent that they are so based, upon the asserted ground that the property is not personalty, but realty, as stated. Respondent urges that the property was taxable personal property, or in the alternative, that this board should

correct the assessment upon real estate, if necessary, in order to avoid the consequence of an escape from taxation of this property, in its entirety, for the year in question. It has been agreed that the question of valuation of the property should be withheld for hearing, pending our determination of the legal issues stated.

The business of the petitioner is operated on a number of tracts of land, aggregating approximately 200 acres. Most of the land is owned, some of it leased, by petitioner. As of the assessing date, it was growing its stock, consisting of evergreen and deciduous trees, deciduous shrubs and vines, upon these lands. The plants are all perennials, ranging in age from seedlings to twelve and fourteen year old trees. All of them are priced, and subject to severance and sale at such prices, upon selection by petitioner's customers. They were concededly planted with the sole view of maintenance and growth pending sale. The trees and shrubs upon the leased land were undoubtedly the property of petitioner in as full a sense as those growing upon its own lands.

The problem presented for adjudication appears to be one of first impression in this state, and is attended with some difficulty of solution, as the tax acts do not specify what shall be included under the respective terms, real property and personal property, and because the case and common law authority on the general question of the nature of trees, shrubs, crops, &c., as real or personal property, has been developed in the fields of real property law, along lines designed to effectuate the intentions of private parties, among each other. The predominating view in situations between vendor and vendee, executor and heir, landlord and tenant, and mortgagor and mortgagee, or their creditors, is to the effect that property of the type here in question is realty. 1 *Thompson on Real Property* (1939), *p.* 118; *Haddonfield Safe Deposit and Trust Co.* v. *Liggit* (*Court of Chancery,* 1929), 11 *N. J. Mis. R.* 269; 165 *Atl. Rep.* 89; *Bigler* v. *Simon* (*Supreme Court,* 1933); 11 *N. J. Mis. R.* 113; 164 *Atl. Rep.* 861; *Ahern* v. *Littl* (*Court of Chancery,* 1918), 90 *N. J. Eq.* 72; 105 *Atl. Rep.* 597; *Howell* v. *Schenck,* 24 *N. J. L.* 89; 1 *Jones on Mortgages,* § 539. The rule is

not invariable, as a contrary intention on the part of the parties, if sufficiently obvious, will be enforced by the courts, and the property treated as personalty. *Id.* For example, it could hardly be doubted that if the owner of the lands which petitioner has leased were to deed them to a third person, the conveyance would not divest the title of the lessee to these trees and shrubs or prevent it from removing them, either during or at the conclusion of the term of the lease. See *Duffus* v. *Bangs,* 122 *N. Y.* 423.

It will thus be apparent that resort to traditional authorities, as relied upon by petitioner, is not dispositive of the question before us, that being whether it was the legislative intention, in enacting the general tax laws now found in the Revised Statutes, title 54, chapter 4, to *subsume* this genus of property under the head of realty or of personalty. The question is not merely academic, aside from the effect of its solution upon the parties before us, as important consequences flow from a classification of property as real or personal. For example, the tax on realty is not a personal charge against the owner thereof, as is the case with personalty taxes. *R. S.* 54:4-1; *N. J. S. A.* 54:4-1. The latter, furthermore, are enforceable by distraint, arrest and imprisonment, as well as by action at law. *R. S.* 54:4-78, 54:4-79, 54:4-1; *N. J. S. A.* 54:4-78; 54:4-79, 54:4-1. A guess as to the policy underlying the different and more stringent legislative treatment of delinquent personal property taxes, may furnish a clue as to the legislative intent in the matter now in hand. The ease of removal and disposition of personalty generally, as contrasted with the fixity of real estate, undoubtedly induced the provision of extraordinary remedies for the satisfaction of delinquent personalty taxes. Similarly, with personalty consisting of stock in trade, in order to avoid depletion thereof in fraud of taxes, prior to the assessing date, the statute provides for the estimation of this type of property at its average during the year preceding the assessing date. *R. S.* 54:4-11; *N. J. S. A.* 54:4-11. These considerations are strongly persuasive of the view that the property here in question, constituting as it does the stock in trade of the petitioner, as fully and as realistically as that of merchants

and manufacturers generally, and as readily saleable and disposable, should be regarded as intended by the legislature to partake of the tax status of personalty. That result would have the salutary effect of preserving the personal responsibility of petitioner and others in the same business, for the taxes in question, rather than the bare land, which could readily be stripped of this property to defeat the tax collector.

The courts of two other jurisdictions have regarded it as sound for shrubs and trees of nurserymen to be assessed as personalty, although the particular issues before them were controlled by statutes. See *Swain Nelson and Sons Co.* v. *Department of Finance* (1937), 365 *Ill.* 401; 6 *N. E. Rep.* (*2d*) 632, 633; *Miethke* v. *Pierce County* (*Wash.,* 1933), 23 *Pac. Rep.* (*2d*) 405. In the case first cited the court specifically considered that such property was properly assessable as personal property, for the reason that it was grown for the express purpose of sale, independently of the requirement of the statute.

While it is true that prior to the Tax Act of 1903, the general tax laws defined "real estate" and "personal estate," for general tax purposes, *Pamph. L.* 1866, *p.* 1078, §§ 3 and 4, and that the definition of real estate included "trees and underwood growing thereon," we have not regarded it as significant in the present connection, that the act of 1903 (*Pamph. L., p.* 394) omitted the inclusion of this definition, as did also the later and present statutes. It is uncertain whether the former reference to "trees, &c.," would have comprehended such property as is here involved, and the significance, if any, of the elimination of the definition, is questionable, in view of the detailing of several other types of property as realty, under the former act.

Our conclusion is that petitioner's growing shrubs and trees were properly assessed as personal property. The cases will be set down on the day calendar for hearing as to valuation.

So ordered.