## WORTHEN v. QUINN.

TAXES: *When equity will enforce lien for.*

> Where goods are sold by the person in whose name they are assessed for taxation, after the lien of the State for taxes attaches thereto, and his vendee sells them, the collector, if he cannot realize the taxes otherwise, may maintain a suit in equity against the vendee to charge the proceeds of such sale with the payment of the taxes.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

This is an action brought by R. W. Worthen, as Collector, in the Pulaski Chancery Court, against Quinn & Gray, for the collection of nine hundred and eighty-four dollars and thirty-eight cents, taxes on a twenty-five thousand dollar stock of goods, listed by Quinn Bros., who, at the time of the assessment were doing business in the City of Little Rock. Subsequent to the assessment and after the State's lien for the taxes of the year 1884, had attached, but prior to the time for the payment of taxes, said stock of goods of Quinn Bros. was exposed to sale, by virtue of a writ of execution issued out of the United States Court for the Eastern District of Arkansas, and was purchased by Quinn & Gray, who disposed of the same in the ordinary course of trade. The complaint alleges that Quinn Bros. are insolvent and have no property in Pulaski County out of which said taxes or any part thereof can be made by distress or other legal process.

The court below dismissed the complaint on demurrer.

Section 5712 Mansfield's Digest provides that "taxes assessed upon real or personal property shall bind the same and be entitled to preference over all judgments, executions, incumbrances or liens, wheresoever created," and that all taxes assessed on property shall be a lien thereon * * * until the taxes are paid. *Sec. 5757, id.,* provides that the Collector may collect at any time all delinquent personal property tax

in his county * * * "by the sale of the property or otherwise."

*W. L. Terry* and *T. E. Gibbon* for appellant.

Taxes, though they be not "debts" in the strict sense, are *demands* owing by the citizen to the State; they are not only enforceable against other property than that upon which they are due, but are a lien upon the articles into whosesoever hands they may come. *Mans. Dig., sec. 5712.* If then, they are a lien, and there is no other mode to enforce it, the remedy is in equity, as in case of landlord's liens. *33 Ark., 395; 41 Ark., 152; Mansf. Dig., sec. 5757; 10 Lea, 209; 2 Yerg., 167; 3 Lea, 679; 2 Desty on Taxes, 707.*

*Caruth & Erb* for appellees.

The lien on personal property is purely statutory, and the method of collection is prescribed. *Mansf. Dig., secs. 5712, 5757, 5746, 2712.*

A tax is not a debt, and no personal *action* against the vendee of the property upon which the taxes are due can be maintained. *20 Cal., 350; 23 N. W. Rep., 527; Cooley on Taxation, p. 16; 26 Vt., 486; 2 Dutch., 398; Black on Tax Titles, sec. 45.*

Under the decision in *46 Ark., 73*, the Collector could have seized the property wherever found and sold it to satisfy the taxes, but in this case none of it could be found. See, also, *ib 76* and *60 Ill., 179.*

PER CURIAM: When a Collector has exhausted his remedy by warrant for the distraint of taxes due on personal property, he may resort to his remedy by suit to collect them. *Mansf. Dig., sec. 5757; Rapley v. Murray, 30 Ark.; State v Hirsch, 16 Lea, 40.*

TAXES: Enforcing lien for.

If goods are sold by the person charged with the taxes after the lien attached, they are liable to seizure in the hands of the vendee for the satisfaction of the lien (*Bridwell v. Worthen, 46 Ark., 73*), and if he sells them and the Collector

cannot realize the taxes otherwise, he may maintain a suit in equity against the vendee to charge the proceeds of such sale with the payment of the taxes. *Dickinson v. Harris, 48 Ark., 355 ; Anderson v. Bowles, 44 ib., 110 ; Mitchell v. Badgett, 33 ib., 387.*

The judgment of the Chancery Court will be reversed and the cause remanded, with instructions to overrule the demurrer to the complaint.