Argued December 13, decided December 26, 1911.

## MARION COUNTY *v.* WOODBURN MERCANTILE CO.

[119 Pac. 487.]

TAXATION—PERSONAL TAXES—COLLECTION—ACTION.

A tax, not being a debt, so that no promise can be implied as a basis of assumpsit therefor, and a method of collecting taxes on personal property being prescribed by Section 3683, L. O. L.—seizure and sale of the personal property, if it can be found in the county, with right to charge the personal property tax against real estate, and enforce it as a real property lien—no action for personal taxes will lie if, before seizure of the personal property, the taxpayer removes it from the county, or otherwise disposes of it; but, unless he has real estate against which it can be charged, the county is remediless.

From Marion:   GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Marion County against the Woodburn Mercantile Company, to recover delinquent taxes. The cause being at issue was tried without a jury, and from the testimony given findings of fact were made substantially conformable to the averments of the complaint, and to the effect that, on March 1, 1908, the defendant was a private corporation, engaged in business in Marion County; that all the property it then owned or held therein consisted of merchandise, money, notes, and accounts, which were valued at $10,250 by the assessor, who made an entry of the estimate and a description of the property in the assessment roll; that such schedule was duly returned to the county clerk and the appraisement so made was ratified by the board of equalization; that, based on such valuation, certain taxes were levied for various purposes upon the personal property mentioned, and the items thereof entered on the tax roll; that about January 15, 1909, the board of directors of the defendant divided all its property among its stockholders, receiving from them a surrender of their respective shares of stock, but no provision was made by the corporation for discharging the taxes referred to, no part of which has been paid;

that a warrant for the collection of the taxes so levied was attached to the roll, February 1, 1909; and that, pursuant to such command, the tax collector, after due and diligent search and inquiry, was unable to find any property in the county belonging to the defendant. Based on these findings, the court deduced the conclusion of law that the complaint did not state facts sufficient to constitute a cause of action, and that the action should be dismissed. A judgment having been rendered in accordance therewith, the plaintiff appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. John H. McNary* and *Mr. Walter C. Winslow* with an oral argument by *Mr. Winslow.*

For respondent there was a brief over the names of *Messrs. Carson & Brown* with an oral argument by *Mr. Thomas Brown.*

MR. JUSTICE MOORE delivered the opinion of the court.

Are the conclusions of law thus made deducible from the findings of fact? is the question to be determined. This inquiry makes a consideration of whether or not our statute permits the maintenance of an action to recover a delinquent tax levied on personal property. Attention will be attracted to the enactment governing the proceedings in such cases.

All property liable to taxation is required to be assessed to the person or corporation owning it at one o'clock A. M. on the first of March of each year. Section 3586, L. O. L. When a tax levied on personal property becomes delinquent, it is the duty of the tax collector to seize and sell, in the manner prescribed, sufficient of the taxpayer's goods and chattels, if they can be found in the county, to satisfy the demand. If, in the opinion of the tax collector, it becomes necessary to charge the tax on personal property against real estate, in order that such tax may

be collected, he is required to select some particular tract of land owned by the person or corporation owing the personal property tax, and to note upon the tax roll, opposite the description of such tract, the tax on the personal property, whereupon such tax becomes a charge against the real estate, and is to be enforced, in case of delinquency, in the same manner as other real property liens. Section 3683, L. O. L. All taxes levied upon real property, including taxes on personal property that have been charged against real estate, constitute liens upon real property. Section 3684, L. O. L. The lien thus declared may be foreclosed in a suit instituted for that purpose, and the land subject thereto sold pursuant to a decree. Section 3695, L. O. L. If the premises are not redeemed from the sale, a deed to the real property must be executed to the purchaser. Section 3702, L. O. L.

The foregoing provisions are a brief summary of the mode prescribed for the collection of the ratable portion, levied by authority of law, upon property to maintain the power of the State, and to enable it to discharge its various functions. No lien is impressed by our statute upon personal property, and if an owner thereof remove it to another county, or otherwise dispose of it before his goods and chattels are seized for the payment of delinquent taxes levied upon that class of property, and he has no real estate in the county against which such taxes can be made a lien, and no action can be maintained against him to recover the taxes, the county levying them is remediless, and he is not bearing his share of the public burden. No enactment of this State expressly authorizes the bringing of an action in such a case.

When the levying of a tax is prescribed by law, but no provision is made for collecting the burden thus imposed, it may reasonably be inferred that the legislature intended that legal remedies, available in ordinary civil actions might be invoked for enforcing the payment. So, too,

when a law places upon property a lien, as security for the payment of a tax, but the enactment contains no regulation for barring the equity of redemption, it may fairly be deduced that a suit is maintainable to foreclose the charge enjoined. Cooley, Tax. (3 ed.) 17. This rule of construction is probably based on the doctrine that when a right is conferred by statute a further privilege is also impliedly granted, without which the right itself would be ineffectual.

A statute formerly in force in Oregon required the sheriff, who was the tax collector, to pay the full amount of State and school taxes in gold and silver coin to the county treasurer, and ordered the latter to pay to the State Treasurer the State tax in like medium of exchange. Several owners of property, situate or held in Lane County insisting that the act of Congress of February 25, 1862 (12 U. S. Stat. 345), making United States treasury notes legal tender for all "debts," etc., offered to pay their respective taxes with that kind of medium of exchange but, the sheriff refusing to receive it, they instituted mandamus proceedings to compel him to accept such payment, and it was held that State taxes were not "debts," within the meaning of the federal statute relied upon: *Whiteaker* v. *Haley,* 2 Or. 128.

Thereafter the county treasurer of Lane County tendered to the State Treasurer, United States treasury notes in payment of the taxes due from that county; but, the offer having been rejected an action was instituted by the State against that county to recover, as its portion of the public burden, $5,460.96 "in gold and silver coin." The cause having been tried, an appeal from the judgment was taken to this court, which held that a recovery could be had in the specie demanded. The opinion in that case, if any were announced, is not published in our reports. From the judgment thus rendered, a writ of error was taken to the Supreme Court of the United

States, which affirmed the determination taken up for review, and held that the act of Congress, making United States notes legal tender for "debts," had no reference to taxes imposed by state authority. *Lane County* v. *Oregon,* 7 Wall. 71 (19 L. Ed. 101). In deciding that case, Mr. Chief Justice CHASE adopts language from the case of *Shaw* v. *Peckett,* 26 Vt. 482, 486, where it is said:

"The assessment of taxes does not create a debt that can be enforced by suit, or upon which a promise to pay interest can be implied. It is a proceeding in *invitum.*"

The rule that a tax levied on property for the maintenance of government is not a debt has become well established. Cooley, Tax. (3 ed.) 17; 1 Desty, Tax. § 6; 27 Am. & Eng. Ency. Law (2 ed.) 580; 37 Cyc. 710.

A contrariety of judicial utterance exists regarding the right to maintain a suit or an action to recover delinquent taxes, when the statute commanding the levy prescribes the remedy to enforce the collection. Thus, notwithstanding the organic law of Louisiana of 1879, Article 210, declared that delinquent taxes should be collected "without suit" by a sale of the property on which the tax was levied, it was ruled that a valid claim against a decedent's estate might be made by a municipal corporation for the payment of delinquent taxes; the court holding that the award was not a judgment, but the allowance of a legal demand, which was to be paid in due course of administration. Succession of Mercier, 42 La. Ann. 1135 (8 South. 732: 11 L. R. A. 817). In the notes to that case, the authorities are collated, setting forth the determinations of courts in favor of and opposed to the maintenance of a suit or an action to recover delinquent taxes. See, also, the case of *State* v. *Georgia Co.,* 112 N. C. 34 (17 S. E. 10: 19 L. R. A. 485).

Since a tax levied upon property is not a debt, the burden imposed by law for the support of government is not a sum of money due or owing by agreement; and

hence there exists no concord of understanding or intention between the taxpayer and a municipality, regarding their respective rights and duties, from which can be implied a promise that forms the basis of an action of assumption.

Upon principle, we conclude that, as our statute prescribes the manner of collecting delinquent taxes levied on personal property, the maxim, *"Expressio unius est exclusio alterius,"* governs, making the remedy exclusive. 27 Am. & Eng. Ency. Law (2 ed.) 783; 37 Cyc. 1241. From this conclusion, it necessarily follows that after the levy of a tax on goods and chattels, and before their seizure to satisfy the demand, if the taxpayer removes to another county his personal property, or otherwise disposes of it, no action can be maintained against him for the recovery of his share of the public burden, and the county levying the tax is remediless, if he has no real estate against which such tax can be charged. Legal remedies cannot be created *ex necessitate rei* by courts, when no mode of procedure is prescribed by law, but relief for the correction of the evil must be sought from the lawmaking department of the State.

Believing that the conclusions of law made by the trial court were properly deducible from the findings of fact, the judgment is affirmed.                          AFFIRMED.

MR. JUSTICE BURNETT, having heard this cause in the lower court, took no part at the trial or in the consideration thereof.