**CITY OF YAKUTAT v. LIBBY, McNEILL & LIBBY et al.**

No. 6302–A.

United States District Court
D. Alaska.
First Division. Juneau.

Aug. 1, 1951.

1012

Wm. L. Paul, Jr., Juneau, for plaintiff.

R. E. Robertson, Juneau, for defendants.

FOLTA, District Judge.

The question which is decisive of this controversy is whether, in the absence of statute, a personal action by a municipality for the recovery of real property taxes lies against the owner.

The ninth subdivision of Section 16-1-35, A.C.L.A.1949, empowers municipalities "To assess, levy, and collect a general tax * * * upon all real and personal property, and to enforce the collection of such lien by foreclosure, levy, distress and sale"; and Section 16-1-121, Id., provides that: "Whenever the tax on real property shall not have been paid when due, the councils of municipal corporations, *in addition to the remedies now allowed* by law, may enforce the lien of such tax by the sale of the property assessed". (Italics supplied.)

This provision first appeared in Section 6 of Chapter 69, S.L.A.1913.

The first inquiry is whether the remedy resorted to here was available at the time of the enactment of Chapter 69. It is conceded that no express provision was made for such a remedy by statute. Plaintiff contends, however, that it existed by necessary implication from the time of the enactment of the Act of Congress of June 6, 1900, providing a civil government for Alaska, 31 Stat. 321, 521, Section 201 of which empowered municipalities "To impose and collect * * * a general tax on real and personal property" for the reason that, since no provision was made to enforce collection, it may be presumed that the legislature contemplated enforcement by ordinary remedies; that to hold otherwise would render meaningless the reference in Section 6 of Chapter 69 to "the remedies now allowed by law"; and that in any event, authority exists under Section 56-2-1, the second subdivision of which authorizes municipalities and others to maintain an action upon liability prescribed by law. Defendant relies on the rule which appears to be well established, Marion County v. Woodburn Mercantile Co., 60 Or. 367, 119 P. 487, 41 L.R.A., N.S., 731, that a tax on real property creates no personal liability for the payment of which a judgment in personam may be obtained, and, in support of the contention that this rule was recognized and given effect in Alaska, points to the fact that there is not a single reported case in which a personal action for the recovery of taxes on real property was brought before the act of June 6, 1900, was amended by the act of March 2, 1903, 32 Stat. 944, giving municipalities a preferred lien on real and personal property for the tax thereon.

Whether the remedy sought by plaintiff existed by necessary implication before the passage of the act of March 2, 1903, supra, becomes therefore the crucial question. The rule that in the absence of statutory provision, a personal action lies for the enforcement of the collection of a tax appears to be limited to taxes assessed against individuals, 1 Cooley on Taxation, 3rd ed., 17. Nothing contrary to this limitation appears in the cases cited in support of the only statements of the rule discovered, at 61 C.J. 1052, Section 1377, note 85; 51 Am.Jur., Section 984, note 13; and Marion County v. Woodburn Mercantile Co., 60 Or. 367, 119 P. 487, 41 L.R.A., N.S., 734. None of the cases annotated in these references concerns a tax assessed against real property; plaintiff cites no such cases, and an exhaustive search reveals none. The reference to "remedies now allowed by law" in Section 6 of Ch. 69, supra, may be construed to be in the nature of a saving clause adopted from a superabundance of caution or to refer to the foreclosure proceeding set forth in Ch. 42 of the Code of Civil Procedure, C.L.A.1913; 56-1-31 to 38, A.C.L.A. 1949, as distinguished from the summary proceeding prescribed by Sections 16-1-122 to 133, A.C.L.A.1949.

Further support for this view that no remedy by personal action existed at the time of the enactment of Ch. 69 may be found in the fact that express provision for personal liability for taxes on personal

property was first made by Section 4, Ch. 69, S.L.A.1913—a wholly superfluous provision if the remedy existed. Nor do I think that the term "liability" as used in Section 56–2–1, warrants a different conclusion. It would hardly be an apt term to describe, so far as taxation is concerned, any obligation other than a personal one. Here the right is one against real property by way of a lien. Restatement Property Section 3.

I am of the opinion, therefore, that the remedy sought to be invoked by the plaintiff is unavailable and, since the remedy prescribed by statute is exclusive, it follows as a corollary that it was beyond the power of the City of Yakutat to attempt by ordinance to create personal liability for taxes on real property.