269 F.2d 471
 TERRITORY OF ALASKA, Appellant,
v.
AMERICAN CAN COMPANY, Fidalgo Island Packing Company, Libby, McNeill & Libby, Inc., Nakat Packing Corporation, New England Fish Co., P. E. Harris Company, Inc., Pacific & Arctic Railway & Navigation Co., and Oceanic Fisheries Co., Appellees.
 No. 15070.
 United States Court of Appeals Ninth Circuit.
 July 29, 1959.
 
 John L. Rader, Atty. Gen., Jack O'Hair Asher, Asst. Atty. Gen., State of Alaska, for appellant.
 H. L. Faulkner, San Francisco, Cal., R. E. Robertson, Juneau, Alaska, W. C. Arnold, Seattle, Wash., John H. Dimond, Juneau, Alaska, for appellee.
 Before HEALY and HAMLIN, Circuit Judges, and WOLLENBERG, District Judge.
 HAMLIN, Circuit Judge.
 
 
 1
 In 1955 the Territory of Alaska brought suit against eight corporations, hereinafter called appellees, in the United States District Court at Juneau, seeking the collection of taxes and interest alleged to be due for the years from 1949 to 1952. The complaint alleged that the taxes were due under the provisions of the Alaska Property Tax Act, Chapter 10, Session Laws of Alaska 1949, as amended by Chapter 88, S.L.A.1949. The Alaska Property Tax Act was repealed in March, 1953, Laws 1953, c. 22. The Territory of Alaska, appellant herein, contended that the taxes levied under the Act prior to its repeal remained due and owing after the repeal and could be enforced by personal action in the nature of debt.
 
 
 2
 The United States District Court ordered the dismissal of the complaints in all of the actions, holding that no personal action would lie against the defendants therein for the recovery of the taxes involved, and that the plaintiff had not sought the proper remedy for foreclosure of the tax lien in the manner provided by law. The Court further held that the taxes levied for the years in question did not survive the repeal. It did not pass upon whether the actions were barred by the statute of limitations, although that question had also been raised by the defendants in the actions.
 
 
 3
 Appellant appealed to this Court from the order dismissing the complaints. This Court (Judge Healy dissenting) held that the taxes in question did not survive the repeal of the statute, and that it was therefore unnecessary to pass upon the question of whether or not a personal action could be maintained (Territory of Alaska v. American Can Co., 9 Cir., 246 F.2d 493). Certiorari was granted by the Supreme Court of the United States, and that Court held that the taxes did survive the repeal of the statute (Territory of Alaska v. American Can Co., 1959, 358 U.S. 224, 79 S.Ct. 274, 276, 3 L.Ed.2d 257). The Supreme Court stated:
 
 
 4
 "The judgment of the Court of Appeals is reversed and, as there are other questions which were raised by the appeal but not reached by that court, the cause is remanded to it for proceedings in conformity with this opinion."
 
 
 5
 The questions now before this court are those set forth in appellant's brief, as follows:
 
 
 6
 1. Whether the Property Tax Act is a tax upon the appellees for which they are personally liable, or is merely a tax upon their property.
 
 
 7
 2. Whether the appellant is without a remedy to collect and enforce taxes due under the Property Tax Act.
 
 
 8
 The Alaska Property Tax Act provided in Section 3 thereof as follows:
 
 
 9
 "For the calendar year of 1949, and each calendar year thereafter there is hereby levied, and there shall be assessed, collected and paid, a tax upon all real property and improvements and personal property in the Territory at the rate of one per centum of the true and full value thereof."
 
 
 10
 Various other pertinent sections of the Act are set out in the margin.[1] The Act provides, in § 12, for the annual assessment on property and that real property and personalty shall be separately assessed. In § 13(a) it is provided that property shall be assessed and taxed in the names of the owners, occupiers or claimants, jointly. It provides in § 14 for the preparation of an annual assessment roll by the assessor, and in § 15 it provides that the assessor, before the completion of the assessment roll, shall give to every person named thereon a notice of assessment. The Act provides in § 34(a) that the "taxes assessed upon property, together with interest and penalty, shall be a lien thereon from and after assessment until paid * * *." It provides in § 42 a method for the foreclosure of liens, providing therein that "the Tax Commissioner shall * * * proceed to foreclosure of said liens in substantially the manner prescribed in Sections 22-2-8 to 22-2-18, both inclusive, of Alaska Compiled Laws Annotated 1949, for the foreclosure of land registration liens * * *."
 
 
 11
 Section 42 is the only section of the Act which prescribes any method of collection of the tax.
 
 
 12
 No section of the Act specifically authorized the bringing of an action in the District Court against individuals or corporations for personal liability.
 
 
 13
 An examination of §§ 22-2-8 to 22-2-18 of the Alaska Compiled Laws Annotated 1949 discloses only a method for the foreclosure of liens against real property. The procedure for the "foreclosure of land registration liens" which is provided in said sections seems to provide in detail for the foreclosure of liens against real property for unpaid taxes, but appears to us to be wholly incompatible with an attempt to foreclose any liens upon personal property.
 
 
 14
 In this connection, it might be noted that while the validity of the Alaska Property Tax Act was upheld by this court in Hess v. Mullaney, 9 Cir., 1954, 213 F.2d 635, 640, the Court there said that the Act was "not only unique but wanting in evidence of good legislative workmanship."
 
 
 15
 As an illustration of the unworkability of the method provided for the collection of taxes upon personal property, it might be noted that in § 22-2-8 it is provided that on August first of each year there shall be filed "in the office of the Clerk of the division of the District Court in which the property subject to such liens is situated, a list of all parcels of property affected by unpaid liens, which on such date have been unpaid for a period of at least four years or more after the date the penalties and other legal charges represented thereby became due and payable. Such parcels shall be numbered serially."
 
 
 16
 The inadequacy of such a remedy for the collection of taxes on personal property is plain to be seen. Could all individual pieces of personal property be listed? Whether the property had been moved during the four-year period, whether it was still in existence after that time, whether it was within the Territory or out of it, or by whom it was owned, are all questions which readily present themselves. No provisions for these contingencies are found in § 22-2-8 et seq.
 
 
 17
 The method, however, provided in the above-mentioned sections of the Alaska Compiled Laws appears to be detailed and entirely adequate for the foreclosure of liens upon real property.
 
 
 18
 It is apparent that the adequacy of the statutory remedy is, in large measure, dependent upon whether the collection of real or personal property taxes is being sought.
 
 
 19
 Section 5 of the Alaska Property Tax Act simply provides that the tax levied under Section 3 "shall be assessed, collected and enforced as provided in this Act."
 
 
 20
 There was no allegation in any of the complaints filed by appellant segregating the amount claimed for taxes due upon real property from the amount claimed for taxes due upon personal property. The complaints contained a typical general allegation, as follows:
 
 
 21
 "That the said defendant between the years 1949 and 1952, inclusive, had certain taxable real and personal property within the Territory of Alaska. * * *
 
 
 22
 "That by reason of the fact that this property was in the Territory of Alaska during the years 1949 through and including 1952, defendant owes plaintiff * * * the sum of $31,712.67 plus interest, the same being property taxes due the plaintiff under the provisions of Chapter 10, S.L.A. 1949."
 
 
 23
 There are many conflicting rules in the various jurisdictions concerning the method of collecting taxes levied on real and personal property.
 
 
 24
 At the outset it must be remembered that it has generally been held that at common law a tax is not a debt, and therefore no personal action would lie for its collection.[2]
 
 
 25
 However, in some jurisdictions, a personal action may be brought for the collection of real property and personal property taxes. Alabama: see Wiggins Estate Co. v. Jeffery, 1944, 246 Ala. 183, 19 So.2d 769, but cf. Throckmorton v. City of Tuscumbia, 1945, 247 Ala. 209, 23 So.2d 547. Connecticut: see Worobey v. Sibieth, 1949, 136 Conn. 352, 71 A.2d 80. Indiana: see Prudential Casualty Co. v. State, 1924, 194 Ind. 542, 143 N.E. 631; Schofield v. Green, 1944, 115 Ind.App. 160, 56 N.E.2d 506. Kentucky: see Commonwealth ex rel. Martin v. Stone, 1939, 279 Ky. 243, 130 S.W.2d 750. Mississippi: see State v. Rogers, 1949, 206 Miss. 643, 39 So.2d 533. Missouri: see Jasper Land & Improvement Co. v. Kansas City, 1922, 293 Mo. 674, 239 S.W. 864. Pennsylvania: see Pennsylvania Co., for Insurances on Lives and Granting Annuities v. Bergson, 1932, 307 Pa. 44, 159 A. 32; Litmans v. O'Donnell, 1953, 173 Pa.Super. 570, 98 A.2d 462. Virginia: see City of Richmond v. Monument Avenue Development Corp., 1945, 184 Va. 152, 34 S.E.2d 223.[3]
 
 
 26
 Some jurisdictions have experienced less difficulty in holding that such actions lie for the collection of personal property taxes than for the collection of real property taxes. City of Salem v. Marion County, 1943, 171 Or. 254, 137 P.2d 977; People ex rel. McDonough v. Chicago, M., St. P. & P. R. Co., 1933, 354 Ill. 438, 188 N.E. 404, at page 406:
 
 
 27
 "A delinquent personal property tax differs from a delinquent real estate tax. There is no personal liability for a delinquent real estate tax, but there is a direct personal liability for a personal property tax properly levied and extended. A personal property tax can be collected by the usual collector's distress warrant * * * or an action in debt can be maintained against the taxpayer and a personal judgment recovered against him for the amount of the tax and costs; * * *."
 
 
 28
 Bobbink and Atkins v. City of Clifton, 1942, 25 A.2d 539, 20 N.J.Misc. 149; McFarland v. Keenan, S.D.1957, 84 N.W. 2d 884.
 
 
 29
 In other jurisdictions, personal actions may not be brought if a statutory remedy is provided which does not include such an action, i. e., the statutory remedies are held to be exclusive. Re Estate of McMahon, 1946, 237 Iowa 236, 21 N.W.2d 581, 163 A.L.R. 720; State ex rel. and to Use of Hibbs v. McGee, 1931, 328 Mo. 1176, 44 S.W.2d 36; Puget Sound Power & Light Co. v. Cowlitz County, 1951, 38 Wash.2d 907, 234 P.2d 506; State ex rel. Tillman v. District Court of Tenth Judicial Dist., 1936, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376.
 
 
 30
 While in still others, a personal action may be brought if the statutory remedy is not expressly made exclusive, or is inadequate or ineffectual. Worthen v. Quinn, 1889, 52 Ark. 82, 12 S.W. 156; United States v. Chamberlin, 1910, 219 U.S. 250, 31 S.Ct. 155, 55 L.Ed. 204; Price v. United States, 1926, 269 U.S. 492, at page 500, 46 S.Ct. 180, at page 181, 70 L.Ed. 373:
 
 
 31
 "In the absence of another remedy made exclusive, an action of debt lies to recover taxes where the amount due is certain or readily may be made certain. United States v. Chamberlin, 219 U.S. 250, 262, 31 S. Ct. 155, 55 L.Ed. 204; Dollar Savings Bank v. United States, 19 Wall. 227, 239, 22 L.Ed. 80; Stockwell v. United States, 13 Wall. 531, 542, 20 L.Ed. 491; Meredith v. United States, 13 Pet. 486, 493, 10 L.Ed. 258; United States v. Washington Mills, 2 Cliff. 601, 607, Fed.Cas.No. 16,647; United States v. Pacific Railroad, 4 Dill. 66, Fed.Cas.No.15,983." [Emphasis added.]
 
 
 32
 Wiggins Estate Co. v. Jeffery, 1944, 246 Ala. 183, 19 So.2d 769; State v. Bennett, 1944, 181 Tenn. 196, 180 S.W.2d 891.
 
 
 33
 In Alaska, the District Court held in City of Yakutat v. Libby, McNeill & Libby, D.C.1951, 98 F.Supp. 1011, that in the absence of statute, a personal action for the recovery of real property taxes did not lie against the owner. In that case, the Court cited the case of Marion County v. Woodburn Mercantile Co., 1911, 60 Or. 367, 119 P. 487, 41 L.R.A. N.S., 731, for the rule that a tax upon real property creates no personal liability for the payment of which a judgment in personam may be obtained.
 
 
 34
 Furthermore, in the statute presently under consideration in this case, a detailed and adequate method is provided for the foreclosure of liens upon real property, and we hold that such procedure must be followed and that a personal action for the recovery of real property taxes may not be successfully brought. Thus, in Alaska, no personal action may be brought for the collection of real property taxes where the statutory remedy provided for such collection is adequate — to this extent, the statutory remedy is deemed exclusive.
 
 
 35
 However, as to the collection of the taxes upon personal property, we reach a different conclusion. We believe that the better-reasoned rule is as stated in Cooley on Taxation, Volume 3, § 1331:
 
 
 36
 "The general rule is that if the statutory remedy is inadequate or ineffectual, a personal action to recover the tax will lie."
 
 
 37
 See United States v. Chamberlin, supra, 219 U.S. at page 262-263, 31 S.Ct. at page 159, where the Court said:
 
 
 38
 "A tax may or may not be a `debt' under a particular statute, according to the sense in which the word is found to be used. But whether the Government may recover a personal judgment for a tax depends upon the existence of the duty to pay, for the enforcement of which another remedy has not been made exclusive." [Emphasis supplied.]
 
 
 39
 See Shriver v. Woodbine Sav. Bank, 1932, 285 U.S. 467, at pages 478-479, 52 S.Ct. 430, at page 434, 76 L.Ed. 884:
 
 
 40
 "It is true that, where a statute creates a liability and provides a remedy by suit specially adapted to its enforcement, other less appropriate common-law remedies are impliedly excluded. * * * Here the remedy provided is * * * summary and only partially effective * * * for enforcing the obligation to pay a sum certain * * * declared to be due and owing. The very fact that the remedy is on its face inadequate to compel full performance of the obligation declared is persuasive that it was not intended to be exclusive of applicable common-law remedies, by which complete performance might be secured."
 
 
 41
 "Administrative remedies for the collection of taxes, if not made exclusive by statute, do not preclude the recovery of the tax by a common-law action of debt." [Emphasis supplied.]
 
 
 42
 Again, in Milwaukee County v. M. E. White Co., 1935, 296 U.S. 268, at page 271, 56 S.Ct. 229, at page 231, 80 L.Ed. 220:
 
 
 43
 "* * * the obligation to pay taxes is not penal. It is a statutory liability, quasi contractual in nature, enforcible, if there is no exclusive statutory remedy, in the civil courts by the common-law action of debt or indebitatus assumpsit." [Emphasis supplied.]
 
 
 44
 In the instant case there is no question but that the remedy provided by the Alaska statute is inadequate for the collection of personal property taxes. We have alluded above to some of the problems that might arise in trying to collect taxes due for personal property by using a method which was unquestionably set out as a method to collect taxes upon real property.
 
 
 45
 We therefore hold that the statutory method provided for the collection of personal property taxes being inadequate, a personal action for the collection of such taxes under the Alaska statute in question may be brought.
 
 
 46
 In the eight actions consolidated herein, the District Court [137 F.Supp. 186] granted defendants' motion to dismiss "for failure * * * to state a claim upon which relief may be granted" and did not consider the other ground of defendants' motions which raise the question of the statute of limitations.
 
 
 47
 The judgments of the District Court are reversed, with directions that the claims of the appellant for personal property taxes and real property taxes be separately stated, and for a ruling thereon by the District Court not inconsistent with this opinion.
 
 
 48
 We express no opinion as to the statute of limitations question, as that matter was not considered by the District Court.
 
 
 
 Notes:
 
 
 [1]
 "Section 4. Tax Upon Property Within Incorporated Cities And Districts. The tax levied under the provisions of Section 3 upon the property within the limits of an incorporated city or town, independent school district or incorporated school district in the Territory shall be assessed, collected and enforced in the manner prescribed by the property tax law of the municipality or district, by and at the expense of the municipalities and districts prorated proportionately between each, provided that amounts levied but which prove uncollectible, and the cost of foreclosure on delinquent accounts shall be borne by the city or school and public utility district
 * * * * * * *
 "Section 12. Assessment. Every person shall be assessed and taxed annually on his property in the division in which the property is situated, and where any parcel of land is situated partly in one division and partly in another or partly within a municipality or school district and partly elsewhere, the assessment in respect of that parcel shall be made in the division or district within which the greater part of the property is situated. Real property and personalty shall be separately assessed.
 "Section 13. To Whom Assessed.
 "(a) Subject to subsection (b) and (c) of this section, property shall be assessed and taxed in the name of the owner or claimant or where the property is owned, occupied or claimed by two or more persons, it shall be assessed and taxed in the names of the owners, occupiers or claimants jointly.
 "(b) Where a verified statement is furnished showing that property has become the subject of a contract of sale or been leased by the owner to another person, the name of the other person shall be noted on the assessment roll and like notice of the assessment shall be sent to him as to the owner, in which case the taxes assessed in respect of the property may be received either from the owner or from the purchaser or tenant, or from any optionee, prospective distributee, purchaser or encumbrancer who desires to safeguard the title to the property.
 "(c) Land of the United States or the Territory which is held under any mining location, lease, license, agreement for sale, accepted application for purchase, or otherwise, shall be assessed and taxed in the name of the occupier according to the value of his interest therein (except as above modified in this Act with respect to certain mining claims); but no assessment or taxation in respect of land so held or occupied shall in any way affect the rights of the United States in the land.
 "(d) Where the property assessed is owned by two or more persons in undivided shares, each owner shall be assessed on the undivided interest at the proportion of the assessed value of the property that his undivided interest bears to the whole.
 "Section 14. Content Of Assessment Roll.
 "(a) The assessor of each division shall prepare an annual assessment roll for each division covering property outside of municipalities and school districts and public utility districts, after consideration of all returns made to him pursuant to this Act, and after careful inquiry from such sources as he may deem reliable. On the roll he shall enter the following particulars:
 "(1) the names and last known addresses of all persons with property liable to assessment and taxation;
 "(2) a description of all taxable property;
 "(3) the assessed value, quantity, or amount of said property and the taxes thereon;
 "(4) the arrears of taxes owing by any persons; and,
 "(5) any other information that may be required by the Tax Commissioner.
 "(b) It shall be a sufficient description of any property for the purposes of this Act, if there is entered on the assessment roll the best available short description of the property.
 "Section 15. Assessment Notice.
 "(a) The assessor, before completion of the assessment roll, shall give to every person named thereon a notice of assessment, showing the valuation and assessment of his property and the amount of taxes thereon, in such form as the Tax Commissioner may prescribe. At least 60 days must be allowed from date of such mailing within which to appeal to the Board against the assessment. He shall enter on the roll opposite the name of each person the date of giving the assessment notice which entry shall be prima facie evidence of the giving of the notice. On the back of each assessment notice shall be printed a brief summary for the information of the taxpayer, of the dates when the taxes are payable, delinquent, and subject to interest, dates when the Board will sit for equalization purposes, and any other particular specified by the Tax Commissioner.
 "(b) The assessment notice shall be directed to the person to whom it is to be given, and shall be sufficiently given if it is mailed by first class mail addressed to, or is delivered at, his address as last known to the assessor; or, if the address is not known to the assessor, the notice may be mailed addressed to the person at the postoffice nearest to the place where the property is situated. The date on which the notice is so mailed or is so delivered for all purposes of this Act shall be deemed to be the date on which the notice is given.
 * * * * * * *
 "Section 32. Time Of Payment. Taxes for a calendar year shall be payable annually the first day of February of the ensuing year. Failure to pay on said due date shall cause the tax to become delinquent and shall subject the property assessed to the interest and penalty additions hereinafter provided. Payments of taxes may be made at any time before their due date, but no discount shall be allowed for such early payment
 "Section 33. Mode Of Payment. All taxes payable under this Act shall be paid in lawful money of the United States or its equivalent, at the office of the collector in the judicial division in which same are due.
 "Section 34. Lien.
 "(a) The taxes assessed upon property, together with interest and penalty, shall be a lien thereon from and after assessment until paid, and no sale or transfer of such property shall in any way affect the lien of such taxes.
 "(b) Liens for taxes hereunder shall be first liens and paramount to all prior and subsequent encumbrances, alienations and descents of the property.
 * * * * * * *
 "Section 42. Recovery Of Unpaid Liens. On or after the first day of April of any year, the Tax Commissioner may, with the assistance of the Attorney General, file in the office of the clerk of the district court in the division in which property subject to delinquent taxes is situated, a list of all parcels affected by unpaid liens. Thereafter the Tax Commissioner shall, unless the matter be otherwise resolved, proceed to foreclosure of said liens in substantially the manner prescribed in Sections 22-2-8 to 22-2-18, both inclusive, of Alaska Compiled Laws Annotated 1949, for the foreclosure of land registration liens, and all pertinent provisions of said sections are hereby adopted as applicable hereto."
 
 
 [2]
 See, generally, 84 C.J.S. Taxation §§ 1, 643, 698; Cooley on Taxation, Vol 3, 4 Ed., § 1329
 
 
 [3]
 In those jurisdictions where a personal action may be brought for the collection of real property taxes, it is most often the result of a constitutional provision (see, e.g., City of Richmond v. Monument Avenue Development Corp., supra) or a special statute so authorizing (see e.g., Commonwealth ex rel. Martin v. Stone, supra)