**CITY OF ANCHORAGE, a municipal corporation, Appellant,**

v.

**Sam E. BAKER, individually, and d/b/a Baker and Ford Co., Appellee.**

No. 210.

Supreme Court of Alaska.

Nov. 28, 1962.

Richard O. Gantz, City Atty., Anchorage, for appellant.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The City of Anchorage commenced this action to collect from Baker real property taxes levied in 1960 against his leasehold interest in certain property of the Alaska Railroad. The action was dismissed below on the ground that the complaint failed to state a claim upon which relief could be granted. On this appeal the only question presented is whether the city's taxes could be lawfully collected by a personal action against Baker.

The court below relied upon a 1951 decision of the Territorial district court in City of Yakutat v. Libby, McNeill & Libby.[1] There it was held that section 16–1–121 A.C. L.A.1949, which provided for the foreclosure of a tax lien by sale of the property assessed [2], was the exclusive remedy for collection of municipal taxes on real property, and did not confer the right to hold the property owner personally liable.[3]

That construction of the statute is not applicable in this case. Section 16–1–121 and related sections setting forth the procedure for enforcing tax liens on real

1. 98 F.Supp. 1011, 13 Alaska 378 (D. Alaska 1951).

2. Section 16–1–121 A.C.L.A.1949 at that time provided: "Whenever the tax on real property shall not have been paid when due, the councils of municipal corporations, in addition to the remedies now allowed by law, may enforce the lien of such tax by the sale of the property assessed, such sale to be made under the special proceeding hereinafter set forth, by order of the District Court of the di-

vision wherein the property assessed is situated." In 1957 the words "in addition to the remedies now allowed by law" were deleted. S.L.A.1957, ch. 174, § 34 (§ 16–1–121 A.C.L.A.Cum.Supp.1957). In 1962 the statute was amended so as to specifically allow a personal action to recover a tax on a leasehold interest in real property. S.L.A.1962, ch. 117.

3. Personal liability was specifically imposed as to taxes on personal property by § 16–1–114 A.C.L.A.1949.

property[4] were plainly geared to dealing primarily, if not solely, with real property in its essence, i. e., the land itself and improvements. It is apparent from a reading of those statutes that they were not designed for the foreclosure and sale of intangible rights in real property, such as leasehold interests. In this case they are not only inappropriate for that purpose, but are entirely inadequate. Section 16–1–121 purports to give a lien for unpaid real property taxes. But the land which Baker leased, being owned by the United States[5], was not subject to any such lien because it is immune from local taxation.[6] And if Baker's leasehold interest in the property could be said to be subject to a tax lien, a foreclosure of the lien and the sale of the leasehold interest would be of no value to the city. A written lease between Baker and the Alaska Railroad requires him to pay before delinquency all taxes and assessments levied on buildings or improvements on the land. Obviously, Baker has not kept that bargain, since the city's taxes have

not been paid. Under the express terms of the lease, this is cause for a forfeiture of Baker's rights under the lease. Thus, the sale of the leasehold interest at a tax foreclosure proceeding would be a fruitless act.

This situation demonstrates the total ineffectiveness of the statutory method of lien foreclosure and sale for collecting taxes on intangible property interests of the kind involved here. To hold that section 16–1–121 is the exclusive remedy for that purpose would necessitate holding that an act of the legislature had precluded enforcement of the specific constitutional power to assess and, inferentially, to collect a tax on private leaseholds in United States property.[7] That would be unrealistic and unreasonable.

■ Where a method of collecting taxes provided by statute is not exclusive, and does not provide an effective remedy, a personal action may be brought.[8] That remedy is available to the city in this case. The judgment below is reversed.

4. Sections 16–1–121—16–1–133 A.C.L.A. 1949, as amended, S.L.A.1957, ch. 174 (§§ 16–1–122a, 16–1–125a–t A.C.L.A.Cum. Supp.1957), S.L.A.1959, ch. 166 (§§ 16–1–125(e), (h), (q) A.C.L.A.Cum.Supp. 1959).

5. 69 Stat. 494 (1955), 48 U.S.C.A. § 301 (Supp.1961); 38 Stat. 305 (1914), 48 U.S.C.A. § 303 (1952).

6. Rohr Aircraft Corp. v. County of San Diego, 362 U.S. 628, 634, 80 S.Ct. 1050, 1053, 4 L.Ed.2d 1002, 1006 (1960); United States v. County of Lawrence, 280 F.2d 462, 468–469 (3d Cir. 1960), aff'd, 364 U.S. 628, 81 S.Ct. 357, 5 L.Ed.2d 363 (1961).

7. The constitution states that "Private leaseholds, contracts, or interests in land or property owned or held by the United

States, the State, or its political subdivisions, shall be taxable to the extent of the interests." (art. IX, § 5) This section does not say in so many words that leaseholds shall be taxable by cities. But neither has that power been specifically denied to cities. The power to tax is a legislative power, and the city of Anchorage, as a home rule city, is authorized by the constitution to "exercise all legislative powers not prohibited by law or by charter." (art. X, § 11) It has exercised the right to tax leaseholds by adopting as part of its municipal charter the identical language of the constitutional provision quoted above. City of Anchorage Municipal Charter, ch. VII, § 7.2 (October 1959).

8. Territory of Alaska v. American Can Co., 269 F.2d 471, 477 (9th Cir. 1959).