CITY OF NOME, Appellant,

v.

BLOCK NO. H, LOTS 5, 6 & 7, Appellee.

No. 1652.

Supreme Court of Alaska.

Oct. 24, 1972.

Millard F. Ingraham, of Ingraham & Niewohner, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Donald J. Beighle, Asst. Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

OPINION

BONEY, Chief Justice.

Plaintiff-appellant City of Nome, appeals from a summary judgment entered for defendant-appellee Alaska State Development Corporation [hereinafter referred to as "ASDC"].

Lots 5, 6 and 7 of Block H in the City of Nome were for many years privately owned and operated as a hotel-restaurant-

bar. The private owners of the property had been regularly assessed and had regularly paid property taxes.

Certain improvements had been made with the proceeds of a loan for about $600,000 from ASDC secured by a deed of trust. When the owners defaulted on this loan, ASDC brought a judicial foreclosure and obtained title. ASDC's Board of Directors immediately decided to sell the property and concluded that the hotel-restaurant-bar operations should be continued in order to keep the property saleable.

The property was ultimately sold to a private buyer. ASDC lost money on both the operation and the sale of the business. The new owner has continued operation and has regularly paid property taxes.

This litigation arose over property taxes for 1969, the year in which ASDC owned and operated the property. ASDC refused to pay property taxes and Nome brought a foreclosure action. Both parties moved for summary judgment. On December 8, 1971, the superior court granted summary judgment to ASDC ordering that Nome receive nothing, that the action be dismissed, and that ASDC be exempt from all taxes in the State of Alaska including those presently in controversy.

The question thus presented for our decision is whether or not ASDC is exempt from the payment to Nome of property taxes on the property in question.

■ The Alaska Constitution, article IX, section 4, provides:

The real and personal property of the State or its political subdivisions shall be exempt from taxation under conditions and exceptions which may be provided by law. All, or any portion of, property used exclusively for non-profit religious, charitable, cemetery, or educational purposes, as defined by law, shall be exempt from taxation. Other exemptions of like or different kind may be granted by general law. All valid existing exemptions shall be retained until otherwise provided by law.

ASDC cannot claim the direct benefit of the exemption accorded to the state by the first sentence of this constitutional provision for ASDC is a public corporation created as an instrumentality of the state within the Department of Commerce [1] and therefore not identical to the state.[2]

ASDC asserts, however, that it is exempt from the tax in question by virtue of AS 44.59.300 which provides:

Because the purpose of the corporation [ASDC], as an instrumentality of the state, is to benefit the people of Alaska by increasing their commerce, prosperity, and general well-being, the corporation is exempt from all taxes and assessments in the state. Debenture certificates issued by the corporation, their transfer, and their income are exempt from taxes and assessments.

This provision has been upheld as constitutional under the third sentence of article IX, section 4.[3]

■ Nome argues that AS 44.59.300 does not reach its property tax because that tax is levied not upon persons but upon their property. AS 29.10.336(a) allows cities to assess, levy, and collect a property tax. It further provides for en-

1. AS 44.59.010 provides:
The Alaska State Development Corporation is a public corporation of the state. The corporation is an instrumentality of the state within the Department of Commerce, but has a legal existence independent of and separate from the state.

2. ASDC thus occupies a position in the state goverment identical to that held by the Alaska State Housing Authority (ASDC). AS 18.55.020; AS 18.55.030;

Alaska State Housing Authority v. Dixon, 496 P.2d 649 (Alaska 1972); DeArmond v. Alaska State Dev. Corp., 376 P.2d 717, 725 (Alaska 1962). As the Alaska Housing Authority, the territorial predecessor of ASHA, was "not the Territory or State of Alaska," Bridges v. Alaska Housing Authority, 349 P.2d 149, 152 (Alaska 1959), so ASDC is not identical to the State of Alaska.

3. DeArmond v. Alaska State Dev. Corp., 376 P.2d 717, 725 (Alaska 1962).

forcement through foreclosure and sale. Cities cannot look to the person of property owners to enforce their taxes.[4] Nome contends that AS 44.59.300 is merely a personal exemption, and that therefore it is of no effect with regard to property taxes.

■ We disagree with Nome. The exemption accorded to ASDC by the legislature in AS 44.59.300 derives from the third sentence of article IX, section 4, of the Alaska Constitution. That sentence authorizes the legislature to grant exemptions similar to the exemptions granted to the state by the first sentence of that section. Such exemptions may thus be for both real and personal property. We can see no reason for limiting the range of the exemption provided in AS 44.59.300. We conclude that when the legislature chose to exempt ASDC from "all taxes and assessments," it meant to draw upon its full powers under the third sentence of article IX, section 4, and thereby to grant ASDC an exemption for both its real and personal property. For some other agencies the legislature has on occasion granted more limited exemption.[5] Here, the phrase "all taxes" means *all* taxes.

■ Nome argues further, however, that in any event our decision in Evangelical Covenant Church of America v. City of Nome[6] dictates that a public purpose requirement be imputed into AS 44.59.300. In that case we held that a commercial radio station owned and operated by the church was not exempt from a city ad valorem tax by the second sentence of article IX, section 4, of the Alaska Constitution because it was not used for religious purposes. We adopted a test which looks to the use of the property, not to the use of the income derived from that property.[7]

The purpose of ASDC is set forth in AS 44.59.430:

The purpose of this chapter is to create an instrumentality of the state to develop, stimulate, and advance the business prosperity and economic welfare of Alaska and its citizens. This shall be accomplished by providing critically needed development loans to encourage and assist the wholesome development of new business and industry in Alaska and to rehabilitate and expand existing business and industry. By providing development loans to all types of business activity, whether of an industrial, agricultural, or recreational nature, the economic stability of the state will be strengthened, the employment opportunities of its citizens enlarged, and their standard of living and general welfare enhanced.

We have previously examined the purpose of ASDC and held "that the announced purpose of the act has a sound basis in fact and that the dominant purpose is a public one."[8]

■ ASDC has done nothing with regard to the property here in question which would be outside its specifically enumerated powers. ASDC is empowered to make loans[9] and to establish and regulate the terms thereof;[10] to acquire real or personal property by, among other means, foreclosure of mortgages;[11] to "hold, maintain, use, operate, and convey real or personal property."[12] The reason for continuing operation of the hotel-restaurant-bar complex was to keep the property saleable. The instant case is thus distinguishable from Evangelical Covenant Church of America v. City of Nome where the purpose of operating the radio station was to generate income for the church.

4. *Cf.* City of Yakutat v. Libby, McNeill & Libby, 98 F.Supp. 1011, 1013, 13 Alaska 378 (D.Alaska 1951).

5. *E. g.*, AS 18.55.250 (Alaska State Housing Authority); AS 44.57.260 (Alaska Toll Bridge Authority); AS 44.61.140 (Alaska Industrial Dev. Authority).

6. 394 P.2d 882 (Alaska 1964).

7. *Id.* at 884–885.

8. DeArmond v. Alaska State Dev. Corp., 376 P.2d 717, 722 (Alaska 1962).

9. AS 44.59.140(a)(7).

10. *Id.*

11. AS 44.59.140(a)(8).

12. *Id.*

The actions of ASDC having been in consonance with its powers and in furtherance of its valid public purpose, we conclude that ASDC used the property for a public purpose. The decision of the superior court is therefore affirmed.

BOOCHEVER, Justice (dissenting).

I cannot agree with the portion of the court's opinion holding that the hotel property owned by ASDC in 1969 was exempt from property taxes under the provisions of AS 44.59.300. This provision specifies that "the *corporation* is exempt from all taxes" (emphasis added) and does not refer to the property of the corporation other than its debenture certificates and their income which are specifically exempted from taxation.

I do not question the legislature's authority to exempt the property of ASDC from taxation, but I do not believe that the legislature has done so by enacting AS 44.59.300. That section does exempt the corporation from all taxes. Thus there can be no in personam liability of the ASDC from taxation by the municipality.[1] The City of Nome, however, has not sought to enforce a tax imposed against the corporation itself. It has levied a tax against property and is seeking to foreclose a tax lien against that property. It is not contending that it has any right to tax ASDC itself or to collect its tax lien by means of an in personam judgment against the corporation.

The legislature did not see fit to exempt the property of the corporation from taxation. This is made clear by the language used by the legislature in setting forth exemptions applicable to other public entities. Thus, with reference to the Alaska Industrial Development Authority, formed for a purpose very closely akin to that of the ASDC, the exemption specifies that "(t)he *property, assets,* income, receipts, project and leasehold interests shall be exempt from all taxes and special assessments of the state or a political subdivision of the state . . .."[2] [Emphasis added]

Similarly, AS 18.55.250, dealing with the Alaska State Housing Authority, specifies that "the *property of the authority* . . . and the authority are exempt from all taxes and special assessments."[3] [Emphasis added] The Alaska Toll Bridge Authority is also granted an exemption which specifies that "(t)he real and personal property of the authority and its assets, income and receipts . . . shall be exempt from all taxes."[4]

One claiming exemption from taxation must clearly show the right to exemption.[5] AS 44.59.300 does not express an intent to exempt the property of ASDC.

Although I would so limit the exemption here granted, I do not endorse a slavishly literal interpretation of a statutory provision subject to conflicting views. I would be inclined to agree with the majority of the court as to their construction of the subject statute if there were some clear evidence that the legislature intended to exempt the property in question. As indicated above, the legislature has had no difficulty in expressing such an intent with reference to other public bodies granted exemptions from property taxes. The legislative history of AS 44.59.300 sheds no light on the question here presented, and

---

1. This exemption covers all liability for taxation that otherwise would be imposed against the corporation, itself, such as for business license taxes, sales taxes, income taxes and use taxes.

2. AS 44.61.140.

3. The statute makes provision for the Authority to make payments to the municipality for improvements, services and facilities furnished by the municipality for the benefit of a housing or public building project.

4. AS 44.57.260.

5. Tamiami Trail Tours v. City of Tampa, 159 Fla. 287, 31 So.2d 468, 471 (1947); American Can Co. v. City of Tampa, 152 Fla. 798, 14 So.2d 203, 208 (1943). In Evangelical Covenant Church v. City of Nome, 394 P.2d 882 (Alaska 1964), this court strictly construed the Alaska constitutional provision exempting property used exclusively for nonprofit religious purposes from taxes.

substantial public policy arguments may be advanced against the extension of the exemption.[6]  Accordingly, I would reverse the superior court's decision and remand with instructions to grant summary judgment to the City of Nome in its action to foreclose the delinquent taxes on the property in question.

6.  For example, the ASDC could finance a sizeable apartment complex in a small Alaska city.  Substantial services including fire protection, police, water, sewer, school, streets and other public works might be required to be furnished by the municipality.  In the event that ASDC was required to foreclose, the property could be held in a tax-exempt status for many years to the severe detriment of the municipality.