**Jim BOOKEY, d/b/a Bookeys, Appellant,**

v.

**KENAI PENINSULA BOROUGH, Appellee.**

**No. 4878.**

Supreme Court of Alaska.

Oct. 24, 1980.

C. R. Baldwin, Rogers & Baldwin, Kenai, for appellant.

Joseph L. Kashi, Andrew R. Sarisky, Soldotna, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

MATTHEWS, Justice.

The issue in this case is whether a municipality may impose a civil penalty for failing to remit sales taxes. We hold that such a penalty is authorized.

During 1976, Jim Bookey collected sales taxes in his Soldotna and Kenai restaurants. However, he did not remit them on time. The Kenai Peninsula Borough filed suit in District Court in order to collect the penalty provided for in KPB 5.16.260(B):[1]

> Failure to File a Return: A seller who fails to file a return as required by this chapter or who fails to remit taxes collected by him, or which should have been collected by him is subject to a penalty of 5% of the taxes collected, or which should have been collected, per month to a maximum of the higher of 25% or $300.00. The filing of an incomplete return is the equivalent of filing no return.

The parties stipulated that Bookey was delinquent in remitting sales taxes to the Borough and that the amount sought, $1,141.39, was properly computed. Each party moved for summary judgment. Bookey contended that the Borough was without power to enforce a civil penalty for late payment of sales taxes; the Borough took the opposite position. The District Court found for the Borough and, on appeal to the Superior Court, that court affirmed.

Boroughs and cities may levy and collect a sales tax. AS 29.53.415(a); AS 29.53.440. Cities may do so in the "manner provided for boroughs." AS 29.53.440. AS 29.48.010 provides:

> *General powers.* Municipalities have the following general powers, subject to other provisions of law:
>
> .    .    .    .    .
>
> (8) to enforce ordinances and to prescribe penalties for violations; ...

AS 29.48.200 provides:

> *Penalties.* For the violation of an ordinance, the assembly or council may prescribe punishment not to exceed a fine of $500 or imprisonment for 30 days, or both. However, the punishment authorized under this subsection may be imposed only if an ordinance is codified and copies of the ordinance are made available for distribution to the public.

AS 29.53.415(d) states:

> If the assembly of a home rule or general law borough charges interest on sales taxes not paid when due, the rate of interest may not exceed eight per cent a year upon the delinquent taxes and shall

---

1. The City of Kenai, the City of Soldotna, and the Borough all imposed a sales tax on Bookey's businesses during 1976. The Borough collects the sales taxes for the Cities and then remits to each City its share of taxes collected. The Borough brought suit on its own behalf and on behalf of the Cities. Both Cities have enacted ordinances identical to KPB 5.16.260.

be charged from the due date until paid in full.

The Borough contends that civil penalties for the late remission of sales taxes are authorized under AS 29.48.010(8). It argues that the $500 limitation imposed by AS 29.48.200 does not apply to civil penalties, as that statute is concerned exclusively with criminal cases.

Bookey's argument is that while AS 29.-48.200 is solely concerned with criminal cases, by implication, it precludes the imposition of a civil penalty. He points out that the Borough ordinance provides for a penalty potentially in excess of the $500 limitation prescribed under AS 29.48.200. Further, he notes that the eight per cent interest limitation on sales taxes not paid when due, set forth in AS 29.53.415(d), loses much of its meaning when a municipality is able to tack on penalty charges. Bookey argues further that the Alaska statutes pertaining to the levy of general property taxes specifically provide for a penalty not to exceed ten per cent, in addition to eight per cent interest. AS 29.53.180. The absence of similarly specific authorization with respect to sales taxes indicates a legislative intention to withhold such authorization, according to Bookey.

Overall, we think a close question is presented. We hold in favor of the power to impose a civil penalty primarily because our state constitution [2] requires that a liberal construction be given to the powers of municipalities, a rule of interpretation that is echoed by AS 29.48.310–330.[3] We stated concerning these provisions in *Liberati v.* *Bristol Bay Borough*, 584 P.2d 1115, 1120–21 (Alaska 1978) (footnote omitted):

> The constitutional rule of liberal construction was intended to make explicit the framers' intention to overrule a common law rule of interpretation which required a narrow reading of local government powers. The foregoing summary should have at least a cautionary effect on the judiciary. We should not be quick to imply limitations on the taxing authority of a municipality where none are expressed.[4]

More specifically, we agree with both parties that AS 29.48.200 only applies to criminal penalties. We do not read it as a limitation on the power to impose civil penalties. Merely because a criminal remedy is specifically authorized does not mean that it is meant to be the exclusive method of enforcement. *See City of Anchorage v. Baker*, 376 P.2d 482 (Alaska 1966); McQuillan, Municipal Corporations § 44.135(a) (3rd ed. 1969). Further, we agree with the Borough that the power to impose civil penalties is granted by AS 29.48.010(8). A normal and unstrained reading conveys this meaning. Such a power does, to some extent, interfere with the policies implied in the $500 fine limitation of AS 29.48.200 and the eight per cent interest limitation of AS 29.53.415(d), which are that the consequences of non–compliance be limited in severity. It is also true that the power could be more clearly expressed, as it is in the case of the authorization for the penalty pertaining to property taxes set out in AS 29.53.180. Nevertheless, these considerations are not sufficiently strong to justify

---

2. Alaska Const. art. X, § 1 provides:

> The purpose of this article is to provide for maximum local self–government with a minimum of local government units, and to prevent duplication of tax levying jurisdictions. A liberal construction shall be given to the powers of local government.

3. AS 29.48.310 -330 provide:

> AS 29.48.310. *General construction.* A liberal construction shall be given to all powers and functions of boroughs and cities conferred in this title.
>
> AS 29.48.320. *Extent of powers.* Unless otherwise limited by law, boroughs and cities may have and may exercise all powers and functions necessarily or fairly implied in or incident to the object or purpose of all powers and functions conferred in this title.
>
> AS 29.48.330. *Enumeration of powers.* Specific examples within an enumerated power or function conferred upon boroughs or cities in this title are illustrative of the object and not a limitation on or exclusion from the exercise of the power or function.

4. We disapprove the suggestion in *Girves v. Kenai Peninsula Borough*, 536 P.2d 1221, 1224 (Alaska 1975) to the contrary.

the conclusion that the power to ordain a civil penalty has not been granted.[5]

AFFIRMED.

BOOCHEVER, J., not participating.

---

5. *See City of Louisville v. Fisher Packing Co.,* 520 S.W.2d 744 (Ky.1975) which held that a municipality had the power to impose a late payment penalty by implication from the statutory grant of authority to impose the tax, even though a specific statutory provision authorized penalties with respect to other taxes.