**ALASKA STATE HOUSING AUTHORITY,**
Appellant,

v.

**Edna DIXON, and other low-rent tenants
similarly situated, Appellees.**

No. 1529.

Supreme Court of Alaska.

May 5, 1972.

Donna Page, Anchorage, for appellant.

John Reese, Alaska Legal Services Corp., Anchorage, for appellees.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

BONEY, Chief Justice.

This case presents the single issue of whether or not the Alaska Administrative Procedure Act [1] (hereinafter, the APA) applies to the Alaska State Housing Authority (hereinafter, ASHA).

In July, 1970, the Board of Directors of ASHA resolved to amend its Statement of Policies to conform them to recent changes of law. Preliminary drafts were prepared and a public meeting was held on October 22, 1970, to solicit recommendations and comments.

A second public meeting, scheduled for November 9, 1970, was cancelled when ASHA was requested by Alaska Legal Services Corporation, representing a group of tenants, to hold public hearings in conformity with the APA. ASHA refused and filed a complaint seeking a declaratory judgment that the APA is not applicable to ASHA. Both parties moved for summary judgment. The superior court granted summary judgment to Dixon, holding that

1. AS 44.62.010–650.

ASHA is a state agency within the meaning of the APA and that the proposed Statement of Policies was a regulation subject to the APA.

From that judgment, ASHA has brought this appeal.

2. 376 P.2d 717 (Alaska 1962). The plaintiff there appealed from a denial of his request for a judgment declaring unconstitutional the act creating the Alaska State Development Corp. (hereinafter, ASDC).

Among the various constitutional provisions alleged by the plaintiff as having been violated by the act creating ASDC was article III, section 22, of the Alaska Constitution, which states:

> All executive and administrative offices, departments, and agencies of the state government and their respective functions, powers, and duties shall be allocated by law among and within not more than twenty principal departments, so as to group them as far as practicable according to major purposes. Regulatory, quasi-judicial, and temporary agencies may be established by law and need not be allocated within a principal department.

The court held that ASDC was an instrumentality of the state within the Department of Commerce, emphasizing the following factors in reaching its decision: (1) the Commissioner of Commerce is on the board of directors of ASDC; (2) the other six members of that board are appointed by the governor and serve at his pleasure; (3) the board of directors submits an annual report to the governor and the legislature; (4) ASDC's financial records are audited annually by the legislative auditor; (5) the act creating ASDC specifically provides that the "corporation is an instrumentality of the state within the Department of Commerce, but has a legal existence independent of and separate from the state." The court noted that this separate existence is true for all corporations.

The court upheld the constitutionality of the act creating ASDC.

3. 416 P.2d 245 (Alaska 1966). A taxpayer there unsuccessfully attacked as unconstitutional the legislation providing for the creation of the Alaska State Mortgage Association (hereinafter, ASMA). Most of the taxpayer's attacks were the same as those made on ASDC in DeArmond.

The court rejected the taxpayer's argument that article III, section 22, of the Alaska Constitution, note 2 *supra*, had been violated. The court reaffirmed

Under the approach taken by this court in DeArmond v. Alaska State Development Corp.[2] and Walker v. Alaska State Mortgage Ass'n,[3] we conclude that ASHA is an instrumentality of the state within the Department of Commerce.[4] The fol-

its adherence to the principles stated in *DeArmond*, and emphasized the following factors: (1) the act creates ASMA as "a public corporation and government instrumentality within the Department of Commerce, but having a legal existence independent of and separate from the state . . . ." (2) ASMA is required to submit a comprehensive annual report to the governor and the legislature; (3) ASMA is subject to an annual audit by the legislative auditor; (4) the minutes of every meeting of ASMA are sent to the governor; (5) the Commissioner of Commerce serves on the board of directors of ASMA; (6) at the time that the litigation arose the other four members of the board were the executive director of ASHA and three of the board members of ASHA [now the other four are all members of the board of ASHA]; (7) the board members serve at the pleasure of the governor. The court again stated that the fact that the challenged body had an existence separate from the state was of no help to the party attacking the constitutionality of the creation of that body for such separateness is of the nature of the corporate structure.

The court upheld the constitutionality of the legislation creating ASMA.

4. ASHA refers us to Bridges v. Alaska Housing Authority, 349 P.2d 149 (Alaska 1959), as authority for the proposition that ASHA is not a state agency. There, the Alaska Housing Authority, the territorial predecessor to ASHA, used a declaration of taking in an eminent domain proceeding. The property owner appealed, arguing that the use of a declaration of taking was by statutory authorization only and that such authorization had not been granted to the Alaska Housing Authority. This court agreed with the property owner. The power to use a declaration of taking had been extended by the territorial legislature to the territory and to first class cities. The first state legislature also extended the power to school and public utility districts but refused to go any further. The court concluded that the legislation authorizing the Housing Authority to take by eminent domain did not include a grant of the power to use a declaration of taking and that the Housing Authority did

lowing factors parallel those stressed in those cases: (1) ASHA is created as a "public corporate authority"[5] "within the Department of Commerce;"[6] (2) the Commissioner of Commerce is a member of the board of directors of ASHA;[7] (3) the other four members of that board,[8] and of course the Commissioner of Commerce,[9] are appointed by the governor and serve at his pleasure; (4) ASHA is required to submit several annual reports to the Department of Commerce.[10] As an instrumentality of the state within the Department of Commerce, ASHA comes within the meaning of "state agency" as that term is used and defined in the APA:

> "[S]tate agency" means a department, office, agency, or other organizational unit of the executive branch, except one expressly excluded by law, but does not include an agency in the judicial or legislative department of the state government.[11]

There being no express exclusion of ASHA from the APA, we conclude that ASHA is bound to adhere to the provisions of the APA. ASHA's separate corporate nature does not detract from this conclusion.[12] The legislature may have had a special reason for choosing the corporate vehicle; e. g., to insulate the state from potential liabilities. Moreover, as Davis has pointed out:

> An administrative agency may be called a commission, board, authority, bureau, office, officer, administrator, department, corporation, administration, divi-

sion, or agency. Nothing of substance hinges in the choice of name . . . .[13]

We therefore conclude that the APA should apply to ASHA.

The decision of the superior court is affirmed.

BOOCHEVER, J., not participating.

---

not come within any legislation granting that power to enumerated bodies. The court specifically stated that the Housing Authority "is not the Territory or State of Alaska."
We conclude that the case merely stands for the proposition that ASHA is not identical with the state. Dixon does not contend that ASHA is anything but "a subordinate corporate authority created by the state." ASHA's reliance on *Bridges* is therefore misplaced. . .

5. AS 18.55.030.

6. AS 18.55.020.

7. *Id.*

8. AS 39.05.060.

9. AS 39.05.020–030.

10. AS 18.55.270, 18.55.430, 18.55.640.

11. AS 44.62.640(a) (4).

12. *Cf.* Walker v. Alaska State Mortgage Ass'n, 416 P.2d 245, 250 (Alaska 1966); DeArmond v. Alaska State Development Corp., 376 P.2d 717, 724 (Alaska 1962).

13. 1 K. Davis, Administrative Law § 1.01, at 1 (1958).