The ALASKA STATE HOUSING AUTHORITY, Petitioner,

v.

RILEY PLEAS, INC., Respondent.

No. 3150.

Supreme Court of Alaska.

Feb. 16, 1977.

Kenneth P. Eggers, Anchorage, for petitioner.

R. Everett Harris, Anchorage, for respondent.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

PER CURIAM.

The single issue presented in this petition for review is whether the Alaska State Housing Authority is included within the definition of the term "State agency" and as such need not post bond under Civil Rule

---

62(e)[1] in order to stay enforcement of a judgment on appeal. We answered this question affirmatively in *Alaska State Housing Authority v. Dixon*, 496 P.2d 649, 650 (Alaska 1972), where we stated:

> We conclude that ASHA [Alaska State Housing Authority] is an instrumentality of the state within the Department of Commerce.[2]

Accordingly, the decision of the trial court is REVERSED, and this case is REMANDED with instructions to quash the writ of execution issued herein by the Clerk of the Superior Court.

BURKE, J., not participating.

1. Civil Rule 62(e) provides:

    When an appeal is taken or review sought by the state or an officer or agency thereof, and the operation or enforcement of the judgment, order or decision is stayed, no bond, obligation or other security shall be required from the appellant or the petitioner, as the case may be.

2. *See University of Alaska v. Simpson Building Supply Company*, 530 P.2d 1317 (Alaska 1975); *University of Alaska v. National Aircraft Leasing, Ltd.*, 536 P.2d 121 (Alaska 1975).